**FLORIDA MUNICIPAL POWER AGENCY, Petitioner**

v.

**FEDERAL ENERGY REGULATORY COMMISSION, Respondent**

**Florida Power & Light, Intervenor.**

**No. 06–1285.**

United States Court of Appeals, District of Columbia Circuit.

Jan. 30, 2008.

Daniel Ira Davidson, Robert Allen Jablon, Robert Allen Jablon, Rebecca Jo Baldwin, Spiegel & McDiarmid, Washington, DC, for Petitioner.

Robert Harris Solomon, John Stewart Moot, Washington, DC, for Respondent.

Clifford M. Naeve, Glen Scott Bernstein, Skadden, Arps, Slate, Meagher & Flom LLP, Stephen L. Huntoon, Washington, DC, for Intervenor.

Before: GINSBURG, Chief Judge, and ROGERS and GRIFFITH, Circuit Judges.

### *JUDGMENT*

PER CURIAM.

This petition for review of two orders on remand of the Federal Energy Regulatory Commission was presented to the court, and briefed and argued by counsel. It is

**ORDERED** and **ADJUDGED** that the petition for review be denied.

The Florida Municipal Power Agency is a public body that, among other things, buys power transmission service from Florida Power & Light Co. (FPL or Florida Power) on behalf of its member cities. Since 1993, it has pressed various challenges to a transmission tariff filed by FPL. The history of those challenges is recounted in *Florida Municipal Power Agency v. FERC (FMPA)*, 411 F.3d 287 (D.C.Cir.2005).

The Federal Power Act requires that regulated power transmission rates be

"just and reasonable." 16 U.S.C. §§ 824d–824e. Invoking this requirement, the FMPA eventually asked the Commission to create an exception to FPL's tariff on the ground that the tariff enabled FPL to charge the FMPA "for network transmission integration service to serve load where [Florida Power] cannot provide the service because of physical transmission limitations." *FMPA*, 411 F.3d at 290 (alteration in original). When the Commission denied the FMPA's request, the FMPA petitioned for review. We held the Commission "erred in failing to consider the appropriateness" of the requested exception. *Id.* at 292. We then remanded the case to the Commission to consider the "discrete issue" of "why network customers should be charged by the transmission provider for network service that the provider is physically constrained from offering and, relatedly, why physical impossibility should not be recognized as an exception to the general rule against permitting partial load ratio pricing for network customers." *Id.*

On remand, the Commission again denied the requested exception for "physical impossibility." *Fla. Mun. Power Agency v. Fla. Power & Light Co.*, 113 F.E.R.C. P61,290 (Dec. 20, 2005) (Order on Remand). It then denied the FMPA's petition for rehearing. *Fla. Mun. Power Agency v. Fla. Power & Light Co.*, 116 F.E.R.C. P61,012 (July 6, 2006) (Order Denying Reh'g). The FMPA petitioned for review of these two orders on remand.

The FMPA advances two arguments. First, it contends the Commission "refus[ed] to do what this Court said it must do" on remand, namely, consider whether an exception to FPL's tariff for "physical impossibility" is appropriate. Petitioner focuses upon the Commission's statement in the Order on Remand that it "disagree[d] with FMPA's position that [it

was] bound to consider its alternative proposal." Order on Remand, 113 F.E.R.C. at 62,171. Whatever the Commission meant by that statement, it did not mean that it would not comply with our instruction; the Commission devoted the balance of its Order on Remand to explaining why the FMPA's proposed exception is not appropriate. We did not require the Commission to reach any particular decision on remand with respect to the FMPA's proposal; we required only that the Commission consider that proposal and explain its decision. It is clear the Commission has done so.

Second, petitioner contends the Commission's decision was arbitrary and capricious. *See FMPA*, 411 F.3d at 291; 5 U.S.C. § 706(2)(A). On remand, the Commission offered several reasons for denying the FMPA's request, foremost among them that the proposed exception "would be virtually impossible for [FPL] to administer and for the Commission to oversee to ensure that there would be no undue discrimination." Order on Remand, 113 F.E.R.C. at 62,172. We find no reason to doubt the Commission's judgment on this score. *See Transmission Access Policy Study Group v. FERC*, 225 F.3d 667, 714 (D.C.Cir.2000) ("It is not enough for petitioners to convince us of the reasonableness of their views.... [P]etitioners must demonstrate that FERC's policy judgments are arbitrary or capricious, a heavy burden indeed."); *N. States Power Co. (Minn.) v. FERC*, 30 F.3d 177, 180 (D.C.Cir.1994) ("our review of whether a particular rate design is 'just and reasonable' is highly deferential") (quoting 16 U.S.C. § 824d(a)). We hold the Commission's denial of petitioner's request for an exception for "physical impossibility" was not arbitrary and capricious.

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The

**6**

Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for re-hearing or rehearing en banc. *See* Fed. R.App. P. 41(b); D.C. Cir. R. 41.